NO. 07-08-0224-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 24, 2010

_____

SHELDON KEITH CRAIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,073-A; HONORABLE HAL MINER, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Sheldon Keith Crain, was charged by indictment with the offense of unlawful possession of a firearm by a felon, enhanced.[1]  Pursuant to a plea bargain, Appellant entered a plea of guilty and was assessed a sentence of six years confinement and a fine of $1,000.  The trial court certified Appellant's right to appeal

---

[1]See Tex. Penal Code Ann. § 46.04(a)(2) (Vernon Supp. 2009).  The indictment also alleged that Appellant was previously convicted of a felony (other than the felony relied upon by the State to prove the primary offense), making the offense punishable as a second degree felony.  See Tex. Penal Code Ann. § 12.42(a) (Vernon Supp. 2009).

matters raised by written motion filed and ruled on before trial. *See* Tex. R. App. P. 25.2(a)(2)(A).[2] On direct appeal, this Court determined that the trial court did not err in denying Appellant's motion to suppress evidence. Disagreeing with this Court's analysis whether Appellant's first interaction with the police was an encounter or a detention, the Texas Court of Criminal Appeals reversed this Court, holding that the trial court abused its discretion in denying Appellant's motion to suppress all evidence, including a firearm, seized by the police when Appellant was detained without reasonable suspicion. Finding the erroneous denial of a motion to suppress evidence obtained in violation of the Fourth Amendment to be constitutional error, the Court then remanded the cause to this Court for a harm analysis under Rule 44.2(a). *Crain v. State*, No. PD-1262-09, 2010 Tex. Crim. App. LEXIS 794, *24 (Tex.Crim.App. June 30, 2010).

Under Rule 44.2(a), we evaluate the entire record in a neutral, impartial, and even-handed manner, not in the light most favorable to the prosecution and must reverse a judgment of conviction and remand for a new trial unless we determine beyond a reasonable doubt that the error did not contribute to Appellant's conviction or punishment. Alford v. State, 22 S.W.3d 669, 673 (Tex.App.—Fort Worth 2000, pet. ref'd). Constitutional error may, however, be held harmless if there is "overwhelming" untainted evidence to support the conviction. *Harrington v. California,* 395 U.S. 250, 254, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). In our analysis, we must consider the source and nature of the error and its probable collateral implications, as well as whether declaring it harmless would be likely to encourage the State to repeat it with

---

[2]For convenience, we will refer to provisions of the Texas Rules of Appellate Procedure throughout the remainder of this opinion simply as "Rule _____."

impunity. *Harris v. State*, 790 S.W.2d 568, 587 (Tex.Crim.App. 1989). We do not focus on the propriety of the outcome, but calculate as much as possible the probable impact of the error on the conviction in light of the existence of other evidence. *Wesbrook v. State*, 29 S.W.3d 103, 119 (Tex.Crim.App. 2000), *cert. denied*, 532 U.S. 944, 121 S.Ct. 1407, 149 L.Ed.2d 349 (2001).

Appellant was convicted of unlawful possession of a firearm by a felon under section 46.04(a) of the Texas Penal Code. A person commits a violation of section 46.04(a) when the person has been convicted of a felony and is found in possession of a firearm at any location other than the premises where the person lives. Tex. Penal Code Ann. § 46.04(a) (Vernon Supp. 2009). Here, the weapon was found on Appellant's person, away from his residence. Without the firearm that was discovered as a result of his illegal detention, the State had no untainted evidence of an essential element of the offense charged. Because Appellant's plea of guilty was conditional upon the correctness of the trial court's ruling, we cannot say beyond a reasonable doubt that the trial court's error made no contribution to Appellant's conviction. Finding Appellant was harmed by the trial court's error, his single issue is sustained.

## CONCLUSION

Accordingly, the judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion.

Patrick A. Pirtle
Justice

Do not publish.